IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:06CR340** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **TENTATIVE FINDINGS** |
| | ) | |
| **EUGENIO PALACIOS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

The Court has received the Presentence Investigation Report ("PSR") and the Defendant's objections thereto (Filing No. 27). *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.

The plea agreement provides that the Defendant and the government disagree as to the drug quantity for which the Defendant should be held responsible. The Defendant asserts that he is responsible beyond a reasonable doubt for a quantity of methamphetamine and cocaine equivalent to at least 100 but less than 400 kilograms of marijuana, resulting in "at least" a base offense level of 26. The government contends that the marijuana equivalent is at least 400 but less than 700 kilograms, resulting in base offense level 28. The plea agreement states that the parties agree that the Court will resolve the issue at sentencing. The PSR attributes to the Defendant a quantity of 828.9 kilograms of marijuana equivalent and places him in base offense level 30.

The issue of drug quantity will be determined at sentencing. The government bears the burden of proof by a preponderance of the evidence.

IT IS ORDERED:

1. The Defendant's Objections to the Presentence Investigation Report (Filing No. 27) will be heard at sentencing;

2. Otherwise the Court's tentative findings are that the Presentence Investigation Report is correct in all respects;

3. If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

4. Absent submission of the information required by paragraph 3 of this Order, my tentative findings may become final; and

5. Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 26th day of March, 2007.

BY THE COURT:

s/ Laurie Smith Camp
United States District Judge